UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW C. DAVIDSON,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C07-5320FDB<br>(CR03-5828FDB)<br><br>ORDER DENYING 2255 PETITION |

Petitioner Davidson brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that the Court (1) violated his Sixth Amendment right to have a jury decide the nature of his prior convictions as violent felonies; (2) refused to give a self-defense jury instruction; (3) erred in failing to give a jury instruction that mere presence at the scene of an alleged crime is insufficient to convict; (4) that certain evidence was not suppressed: no probable cause to warrant the search, seizure, and arrest of Defendant; past possession of firearms to prove absence of mistake; and Defendant had a reasonable expectation of privacy in the vehicle.

The Government has responded and argues as to the first issue that Petitioner has already raised the Sixth Amendment issue in his direct appeal and that he is not entitled to relitigate it in this collateral action. As to the remaining issues raised by Petitioner, the Government argues that

ORDER - 1

Petitioner has defaulted on these issues because he did not raise them on direct appeal. Further, the Government argues that even if Petitioner had not defaulted on these issues that his trial counsel never raised, he would have to demonstrate that his trial counsel provided him ineffective assistance, which, the Government argues, Petitioner could not do because the issues are frivolous.

These issues were thoroughly briefed by both Petitioner and the Government, and the Court is fully informed. Having considered the parties' arguments and contentions, the Court concludes that Petitioner's Motion lacks merit and must be denied. The Ninth Circuit held as to Petitioner's first issue regarding the Court's characterizing Petitioner's prior convictions as violent felonies:

> Finally, the district court did not commit plain error in deciding without submission to the jury that Davidson's prior convictions were violent felonies under the ACCA, *United States v. Smith*, 390 F.3d 661, 666-67 (9th Cir. 2004), *amended by*, 405 F.3d 726 (9th Cir. 2005) (holding that the district court determines no more than the fact of prior conviction when it characterizes the defendant's prior convictions as violent felonies under the modified categorical approach); *see Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1262-63 (2005)(plurality) (allowing the sentencing court to determine whether a prior conviction was a violent felony).

(Ninth Circuit Memorandum Opinion in USA v. Matthew C. Davidson, Ex.1 to Government's Brief.)

As to the remaining issues raised by Petitioner for the first time, it is well settled that a claim may not be raised in a habeas petition if the defendant had a full opportunity to be heard during the trial phase and on direct appeal and did not assert the claim. *See, e.g., Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003); *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993). The issues are, in any event, without merit for the reasons set forth in Respondent's brief.

Petitioner's motion to supplement his brief will be granted, but the legal argument concerning "seizure of a passenger" does not affect the Court's decision herein. The Government's motion to file a brief in excess of twelve pages will be granted, Petitioner having filed a 50-page memorandum.

ACCORDINGLY,

IT IS ORDERED:

ORDER - 2

1.    Petitioner Davidson's Motion Pursuant to 28 U.S.C. § 2255 [Dkt. # 1] is DENIED, and this cause of action is DISMISSED;

2.    Petitioner's Motion to Amend or Supplement his 2255 Motion [Dkt. # 4] is GRANTED;

3.    The Government's Motion To File a Brief in Excess of Twelve Pages [Dkt. # 6] is GRANTED.

DATED this 4th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3